# Bates & Garcia, LLC.
## ATTORNEYS AT LAW

CIVIL • CRIMINAL • REAL ESTATE • PERSONAL INJURY

201 N. Charles Street • Suite 1900
Baltimore, Maryland 21201
Office: 410.814.4600 • Fax: 410.814.4604 • www.batesgarcia.com

Ivan J. Bates
ivan@batesgarcia.com
Tony N. Garcia
tony@batesgarcia.com

October 5, 2022

The Honorable Ellen L. Hollander
United States District Court Judge
101 W. Lombard Street
Baltimore, MD 21201

      Re:     *United States of America v. Christopher Cowan*, No. 21-439

Judge Hollander:

Please accept this letter Sentencing Memorandum in lieu of a formal Memo, in support of Mr. Cowan's request that he receive a sentence of not more than **21-months' imprisonment.** I write briefly to provide the Court a better understanding of the sentencing issues relevant to Mr. Cowan's sentencing currently scheduled for October 12, 2022. Mr. Cowan entered a guilty plea to Count 1 of the criminal indictment, which charged him with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §922(g). Doc. 14. The parties have agreed to certain guideline applications, discussed more fully below, and the government argues that a sentence of 36 months' imprisonment is the appropriate disposition in this matter. (Gov. Sen. Memo). The defense disagrees and argues that a sentence of **21 months** is the appropriate disposition in this case.

## Guideline Issues and Analysis and Background Facts

Counsel has had an opportunity to review the PSR, as well as Mr. Cowan, and there are no objections. The defense agrees with Probation that base offense **level 12** is applicable (21-27 months). Doc. 22 ¶71.

The defense argues that a sentence of more than **21-months** is in the *interests of justice* and would serve the goals of sentencing. Such a sentence would balance the nature of Mr. Cowan's counterproductive behavior against his need for rehabilitation, an opportunity to develop work and life skills, and the chance to become a contributing member of society. Mr. Cowan is a 40-year-old man, and an excessively prohibitive sentence would prove counterproductive in hastening Mr. Cowan's path to rehabilitation. The Court should therefore provide Mr. Cowan with something

1

more than prison to look forward to. *Cf. with United States v. Thomas*, 360 F. Supp. 2d 238, 243 (D. Mass. 2005) (declining to impose an excessively harsh sentence, citing the §3553(a) factors).

### Sentencing Under Booker

In 2005, the United States Supreme Court determined that judges are no longer required to apply the United States Sentencing Guidelines ("Guidelines") in a mandatory fashion when determining the appropriate sentence for a defendant. *United States v. Booker*, 543 U.S. 220, 245 (2005). Since then, a sentence must be "reasonable" for it to be considered lawful. *See United States v. Kimbrough*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. "[T]he Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Id.* "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." *Id.* at 49-50.

Other statutory sections provide additional guidance for the district court in fashioning an appropriate sentence. Specifically, 18 U.S.C. §3582 states in part: The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. §3582(a). As such, even if the Guidelines suggest that a sentence of imprisonment is appropriate, if after consideration of the §3553 factors and any other facts in mitigation that suggest that the Guideline calculation does not provide for a fair and just sentence in this case, the Court is "not bound by" the Guideline calculations. *United States v. Dean*, 604 F.3d 169, 174 (4th Cir. 2010).

### The Appropriate Guidelines Calculation in This Case

A Presentence Investigation Report ("PSR") has been prepared by the United States Probation Office. After the appropriate deductions for acceptance of responsibility, the PSR placed the total offense level at 12, with a criminal history category of IV, and calculated a guidelines range of 21-27 months, and up to 3-years of supervised release. PSR ¶¶ 71, 74.

### Analysis of the 18 U.S.C. §3553(a) Factors

The Court must consider the § 3553(a) factors, weigh them properly, and fashion an appropriate sentence based on the facts of the case. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Pursuant to 18 U.S.C. §3583(e), the Court must consider sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See Kimbrough v. United States*, 552 U.S. 85, 101

2

(2007). Consideration of these factors support a finding that a sentence of **21-months** is the appropriate disposition in this case. Mr. Cowan is a hard-working man who was working at his brother's "landscaping company" prior to his arrest, and he received his "GED while incarcerated in the Maryland Department of Corrections in 2008." PSR ¶¶66, 68. Mr. Cowan's mother advised that he was "negatively affected when she separated and divorced his father, and [that] he did not receive any treatment following that traumatic event." ¶63.

## The Nature and Circumstances of the Offense and History of the Defendant §3553(a)(1)

In considering the nature and circumstances of the offense and the characteristics of the Defendant, the Court can consider "written and oral arguments presented by the defendant," "supportive letters," whether the defendant shows "any remorse," and other mitigating factors in determining the appropriate sentence. *United States v. Waters*, 799 F.3d 964, 975 (8th Cir. 2015). Mr. Cowan has accepted responsibility in this matter and is truly remorseful for his ill-considered conduct. PSR ¶21.

### Substance Abuse

Mr. Cowan has a history of substance abuse, including opiate use since 2005. PSR ¶64. Mr. Cowan became "addicted" in 2012 and purchased illicit drugs off "the street[s]." *Id.* He also uses marijuana and alcohol on a regular basis. *Id.* Mr. Cowan's crime, no doubt, is necessarily consistent with his many years of substance abuse and is reflected in the facts of this case. As the PSR notes, Mr. Cowan used Percocets up and until the very day of "his arrest. ¶64.

Mr. Cowan has no history of substance abuse treatment, but "he believes he would benefit from" it. ¶65.

It is not unreasonable to conclude that some, if not most, of Mr. Cowan's ill-considered conduct was a consequence of his addiction. *See* Nora D. Volkow, Preface to Nat. Institute on Drug Abuse, Drugs, Brains, and Behavior: The Science of Addiction 1 (2010) ("As a result of scientific research, we know that addiction is a disease that affects both brain and behavior"), *available* at http://www.drugabuse.gov/sites/default/files/sciofaddiction.pdf. Stated plainly, "addiction biologically robs drug abusers of their judgment, causing them to act impulsively and ignore the future consequences of their actions." *United States v. Hendrickson*, 25 F. Supp. 3d 1166, 1173 (N.D. Iowa 2014). *See also United States v. Valdez*, 77 F. Supp. 3d 1115, 1141 (D.N.M. 2014) (That defendant is an addict "is one of the most overwhelming and prominent ¶3553(a) factors"); *Hendrickson*, 25 F. Supp. 3d at 1174, 1179 (granting a below the guidelines sentence based upon drug addiction and noting that "addiction mitigates a defendant's culpability").

Thus, Mr. Cowan's history of substance abuse weights in favor of a sentence at the low end of the guidelines range.

3

## To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of The Defendant

The Government has already sent a strong message in this case. The prospect of a federal prosecution is terrifying in and of itself in a case such as this. The harm that befalls an individual who faces such prosecution far exceeds and lasts longer than the effects of a prison sentence that the individual faces. The disruption of a person's life, the stigma that will follow him for the rest of his life, the damage to his reputation and good name, the loss of several of the most formative and exciting years in his life, and the enormous pressure on the family and friends are all consequences that are made public by the prosecution of this case.

Indeed, one can assert that the goal of general deterrence is already achieved by the act of initiating the prosecution. *See United States v. Anderson*, 533 F.3d 623 (8th Cir. 2008) (affirming a downward variance based on "other ways in which the defendant had suffered atypical punishment such as the loss of his reputation and his company, the ongoing case against him from the Securities and Exchange Commission and the harm visited upon him as a result of the fact that his actions brought his wife and friend into the criminal justice system"). The principle of general deterrence focuses on creating a sentence directed towards similarly situated defendants who are or would be engaged in similar acts. This case serves that end. *See* Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, The Sentencing Project, at 1 (Nov. 2010) ("Research to date generally indicates that increases in the certainty of punishment, as opposed to the *severity* of punishment, are more likely to produce deterrent benefits") (emphasis added).

Further, Mr. Cowan has an outstanding state case pending in Florida, involving firearms. That being the case, the immediate disposition of a 21-month prison term here does not end Mr. Cowan's peril, and he will still be subject to possible prison time in Florida.

### This Case Does Not Warrant an Upward Variance.

The government asks the Court to impose a sentence above the applicable guidelines range, seeking a 36-month sentence. *Gov. Sen. Memo*, at 1. They say, that such a sentence is needed to deter Mr. Cowan's conduct. *Id.* at 3. But the appropriate guideline range has already been set by the Sentencing Commission, including the offense of conviction, as well as Mr. Cowan's criminal history. *See Rita v. United States*, 551 U.S. 338, 350 (2007) (stating that "it is fair to assume that the [g]uidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve §3553(a)'s objectives").

As the Supreme Court explained in *Kimbrough*, "a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the "heartland" to which the Commission intends individual Guidelines to apply.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The government has not even attempted to argue, much less show, that Mr. Cowan's case is outside of the *heartland* as delineated in the guidelines set by the Commission. Indeed, when a court relies on a §3553(a) consideration "already

4

accounted for by the guidelines to impose a variant sentence," the court "must indicate what makes that factor worthy of extra weight," *United States v. Rivera-Berrios*, 968 F.3d 130, 132 (1st Cir. 2020) (quotation marks omitted) – *i.e.*, they "must articulate specifically the reasons" why the "defendant's situation is different from the ordinary situation covered by the guidelines calculation," *see United States v. Garcia-Perez*, 9 F.4th 48, 53 (1st Cir. 2021).

The record in this case simply lacks any basis for imposing a variant sentence, and the government has not provided one. *See United States v. Williams*, 282 F.3d 679, 681-82 (9th Cir. 2022) (A "factor may support a departure *only if* the factor, as it occurs in the particular case, 'takes the case outside the heartland of the applicable Guideline'"). The Court should reject the government's requested sentence.

## Conclusion

After the Court considers the arguments and analysis detailed above, there is sufficient evidence to allow the Court to fashion a sentence of 21-months' imprisonment. Given the facts of this case, the requested sentence is sufficient and complies with the statutory directives set forth in 18 U.S.C. § 3553(a).

WHEREFORE, Mr. Cowan respectfully prays that this Honorable Court will impose a sentence of not more than **21 months.**

Respectfully submitted,

_____/s/_____
IVAN J. BATES, ESQ.
Bates & Garcia, LLC
201 N. Charles Street, Ste. 1900
Baltimore, MD 21201
Phone: (410) 814-4600
*Counsel for the Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2022, I electronically filed the foregoing Sentencing Memorandum, using the CM/ECF filing system, which sent notice of electronic filing to all interested parties.

_____/s/_____
IVAN J. BATES, ESQ.